## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Madeline Pavek, Ethan Sykes, DSCC, and DCCC, <br><br> Plaintiffs, <br><br> v. <br><br> Steven Simon, in his official capacity as the Minnesota Secretary of State, <br><br> Defendant. | Case No. 19-cv-3000 (SRN/DTS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Alexi Machek Velez, Jyoti Jasrasaria, and Marc E. Elias, Perkins Coie LLP, 700 13th Street, N.W., Suite 600, Washington, D.C., 20005-3960; Kevin J. Hamilton, Perkins Coie LLP, 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099; Katherine M. Swenson and Sybil L. Dunlop, Greene Espel PLLP, 222 South 9th Street, Suite 2200, Minneapolis, MN 55402, for Plaintiffs.

Nathan J. Hartshorn, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101-2134, for Defendant.

Cameron Thomas Norris, Jeffrey M. Harris, and William S. Consovoy, Consovoy McCarthy PLLC, 1600 Wilson Boulevard, Suite 700, Arlington, VA 22209; Thomas H. Boyd, Winthrop & Weinstine, PA, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for Amicus Curiae Honest Elections Project.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on Honest Elections Project's ("HEP") motion for leave to file an amicus curiae brief in support of Defendant's opposition to Plaintiffs' motion for preliminary and permanent injunctive relief (Doc. No. 34). Plaintiffs oppose the motion. For the following reasons, the Court **GRANTS** HEP's Motion.

# I.    BACKGROUND

On November 27, 2019, Plaintiffs—two individual voters and two Democratic Party committees—filed a complaint against Defendant Steven Simon in his official capacity as the Minnesota Secretary of State, seeking to invalidate Minn. Stat. § 204D.13(2) (2018), which Plaintiffs label the "Ballot Order Statute." (*See* Compl. [Doc. No. 1] ¶¶ 1, 4, 6.) Plaintiffs allege that in state general elections, the Ballot Order Statute requires that major political party candidates be listed in reverse order based on the average number of votes that their party received in the last state general election. (*Id.* ¶ 3.) Because the Democratic-Farmer-Labor Party ("DFL") received the highest average vote share in the last state general election, Plaintiffs contend, the Ballot Order Statute requires all DFL-affiliated candidates to be listed last of all the major party candidates on the ballot for the 2020 General Election. (*Id.* ¶ 4.) Plaintiffs assert that requiring such an order impermissibly conveys an "arbitrary, across-the-board advantage" to those listed first on the ballot—while inflicting an "increasing electoral disadvantage" on party candidates listed later on the ballot—through a phenomenon known as the "primacy effect" whereby the first-listed candidate on the ballot receives an electoral advantage merely as a result of being listed first. (*Id.* ¶ 1.) Plaintiffs allege that, as a result, the Ballot Order Statute places an undue burden on the right to vote in violation of the First and Fourteenth Amendments to the United States Constitution, and request that the statute be declared unconstitutional and the Defendant be enjoined from enforcing it. (*Id.* ¶¶ 6, 41–54.)

On December 27, 2019, Defendant moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (*See* Def. Mot. to Dismiss [Doc. No. 13];

Def.'s Mot. to Dismiss Mem. (Def.'s MTD Mem.) [Doc. No. 15] at 3.) In brief, Defendant argues that the Ballot Order Statute is subject to rational-basis review, which is satisfied because the statute bears a rational relation to a legitimate state end, namely, the incentivization of forming new political parties, reducing the so-called "incumbent effect" by which parties already in power use their officers to hold on to power, and promoting political diversity by discouraging "sustained single-party rule[.]" (Def.'s MTD Mem. at 8–9.) Defendant also contends, among other things, that Plaintiffs are not similarly situated to at least one other major political party that will be listed ahead of the DFL on the ballot, rendering any equal protection claim untenable as a matter of law. (*See id.* at 14–15.) The parties completed briefing on the motion on January 31, 2020. (*See* Def.'s Reply Mem. [Doc. No. 20] (filed Jan. 31, 2020).)

On February 14, 2020, Plaintiffs filed a motion for a preliminary and permanent injunction pursuant to Fed. R. Civ. P. 65, seeking to enjoin the Defendant from implementing or enforcing the Ballot Order Statute, and requiring the Defendant to instead implement a non-discriminatory name rotation system that gives similarly-situated major-party candidates an equal opportunity to be placed first on the ballot. (*See* Pl.'s Mot. for a Prelim. Inj. [Doc. No. 22] at 1–2.; Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. (Pl.'s PI Mem.) [Doc. No. 24].) Defendant opposes the motion. (Def.'s Mem. in Opp'n to Mot. for Prelim. Inj. (Def.'s PI Opp'n Mem.) [Doc. No. 32].) Briefing for the preliminary injunction motion closed on March 20, 2020. (*See* Pl.'s PI Reply Mem. [Doc. No. 43] (filed on Mar. 20, 2020).)

On March 13, 2020, prior to the close of briefing for Plaintiffs' motion for a preliminary injunction, HEP filed the present motion for leave to file an amicus curiae brief in support of Defendant's opposition to Plaintiffs' preliminary injunction motion. (*See* Mot. for Leave to File Amicus Br. (HEP Amicus Mot.) [Doc. No. 34].) Defendant does not oppose the motion, but Plaintiffs have filed an opposition brief. (*See* Pl.'s Mem. in Opp'n to HEP's Mot. for Leave to File Amicus Br. (Pl.'s Amicus Opp'n Mem.) [Doc. No. 44].) In response to Plaintiffs' opposition brief, HEP filed a motion requesting leave to reply. (*See* Doc. Nos. 45–46.) However, because reply briefs for non-dispositive motions are ordinarily not permitted, the Court denied HEP's motion. (*See* Mar. 25, 2020 Order [Doc. No. 48].) The Court now turns to the substance of HEP's motion.

## II. DISCUSSION

### A. Legal Standard

As this Court has recently noted, "[t]here is no formal rule governing the standard by which to evaluate whether to grant a motion requesting leave to file an amicus curiae brief. Rather, '[a] determination on a request to participate as amicus curiae is discretionary, and the court . . . may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise.'" *Larson v. Allina Health Sys.*, No. 17-cv-3835 (SRN/TNL), 2020 WL 583082, at *2 (D. Minn. Feb. 6, 2020) (quoting *Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. May 4, 2018) (citation omitted) (internal quotation marks omitted)); *see also N. Sec. Co. v. United States*, 191 U.S. 555, 555–556 (1903) (discussing discretionary standard for permitting amicus

filings). Accordingly, the Court considers whether HEP's amicus brief is timely, useful, or otherwise warrants consideration by the Court.

### B.     Party Arguments

In its motion, HEP contends that it is a nonpartisan organization devoted to "supporting the right of every lawful voter to participate in free and honest elections." (HEP Mem. in Supp. of Mot. for Leave to File Amicus Br. (HEP Mem.) [Doc. No. 39] at 1.) By pursuing "public engagement, advocacy, and public-interest litigation," HEP asserts, it "defends the fair, reasonable measures that voters put in place to protect the integrity of the voting process." (*Id.* at 1–2.) In terms of its motion, HEP argues that its amicus brief will be useful to the Court's resolution of the issues in this case because it provides HEP's "unique perspective on why rational-basis review . . . is the appropriate standard for evaluating" Plaintiffs' equal-protection challenge, and why the Ballot Order Statute satisfies that standard. (*Id.* at 2.) HEP also notes that it intends to offer argument regarding "serious defects" in Plaintiffs' Article III standing—the only brief raising such an issue—which the Court is under an independent obligation to consider. (*Id.* at 2–3.) Finally, HEP contends that its brief is timely because it served a copy of the proposed brief on the parties on Friday, March 13, 2020, six weeks before the parties' scheduled motion hearing on April 24, 2020. (*Id.* at 3.)

Plaintiffs oppose the motion, arguing that HEP's brief is both untimely and unhelpful. (*See* Pl.'s Mem. in Opp'n to HEP's Mot. for Leave to File Amicus Br. (Pl.'s Amicus Opp'n Mem.) [Doc. No. 44] at 1.) With respect to untimeliness, Plaintiffs assert that HEP's brief focuses largely on the issue of standing—and accordingly is less about the

preliminary injunction motion—yet was served eleven weeks after the Defendant moved to dismiss Plaintiffs' complaint, and six weeks after briefing was completed on the motion. (*Id.* at 8.) Such a delay, Plaintiffs argue, increases the burden on the parties and Court by requiring that briefing be reopened on the motion to dismiss. (*Id.* at 9.) With respect to unhelpfulness, Plaintiffs argue that HEP has no real stake in this case,[1] its brief offers nothing new or unique than what Defendant has or could have argued, and in any event, HEP's legal arguments are meritless. (*Id.* at 3–8.)

### C. Analysis

The Court finds that HEP's amicus brief may be helpful in considering the merits of Plaintiffs' motion for a preliminary injunction—as well as, potentially, Defendant's motion to dismiss—and accordingly grants its motion for leave to file an amicus brief. With respect to helpfulness, the Court is aware that HEP acknowledges that at least a portion of its arguments in the proposed amicus brief rehash arguments already advanced by the Defendant. (*See* HEP. Mem. at 2 (noting that the brief argues that rational-basis review is the correct legal standard and is satisfied by the Ballot Order Statute); *Id.* at 3–4 (arguing Plaintiffs are not prejudiced because HEP's claims "merely address the merits (something the Secretary also briefs) . . . .").) Moreover, HEP has not explained precisely how its view on the "rational-basis" review issue is a "unique" perspective, particularly given that HEP advances the same legal conclusion as Defendant.

---

[1]     Indeed, Plaintiffs take the position that HEP is a partisan organization run by a former senior policy analyst from the Heritage Foundation, purportedly a "well-known conservative think tank." (Pl.'s Amicus Opp'n Mem. at 4 n.1).

Still, the Court concludes that HEP's arguments related to standing will be helpful in considering the pending motions. The Eighth Circuit has noted that federal courts have "a special obligation to consider whether [they] ha[ve] subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (citing *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curium)). Importantly, the Court's jurisdiction is " 'limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction.' " *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). And while Plaintiffs are correct that the Defendant did not raise a standing argument in his motion to dismiss, the Court's obligation to consider subject-matter jurisdiction issues "includes the concomitant responsibility 'to consider [the issue] *sua sponte*' . . . ." *Hart*, 630 F.3d at 1089 (quoting *Clark*, 593 F.3d at 714). Thus, even where "[t]he parties did not raise a jurisdictional issue in the briefing[,]" the Court must still consider it because the issue " 'is not a mere procedural irregularity capable of being waived.' " *Mensah v. Owners Ins. Co.*, ___ F.3d ___, 2020 WL 1056787, at *1 (8th Cir. 2020).

Here, HEP's amicus brief is the only brief containing any argument that Plaintiffs lack standing, and accordingly may prove helpful to the Court. *See Ortiz v. United States*, 138 S. Ct. 2165, 2173 (2018) (Kagan, J.) (describing an amicus brief that offered an Article III standing argument to be a "serious" argument "deserving of sustained consideration"). Accordingly, while the Court acknowledges that some of the legal arguments presented by HEP may be duplicative of those presented by Defendant, the potential "arguments, theories, and citation to legal precedent" contained in the amicus brief may "be useful to

the Court in considering the Article III standing issue in this case." *Johnson v. U.S. Office of Pers. Mgmt.*, No. 14-C-0009, 2014 WL 1681691, at *1 (E.D. Wis. Apr. 28, 2014) (accepting amici filings containing Article III standing arguments even though parties were adequately represented and amici did not have a direct interest in any other case that would be materially affected by the case at bar).

With respect to timeliness, the Court acknowledges that HEP's motion was filed late in the briefing cycle and may present an increased burden to the Plaintiffs and the Court if the brief is accepted for consideration. *See Finkle v. Howard Cty.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014) (rejecting amicus brief because it was filed 101 days after defendant filed a motion to dismiss, and 45 days after briefing on the motion closed). Nevertheless, HEP's motion—which, on its face, is related to Plaintiffs' motion for a preliminary injunction—was still filed *before* the close of briefing on Plaintiffs' motion. (*Compare* HEP Amicus Mot. [Doc. No. 34] (filed Mar. 13, 2020), *with* Pl.'s PI Reply Mem. [Doc. No. 43] (filed Mar. 20, 2020).) Moreover, as is noted below, the Court is requiring HEP to file its amicus brief—which is limited to 5000 words—with the Court within 24 hours of the date of this order, and is providing Plaintiffs with fourteen days to respond with equal word restrictions. Accordingly, to the extent there is any increased burden, the Court concludes it is mitigated by those requirements. The Court is confident that such a schedule will give it sufficient time to consider the arguments prior to the parties' scheduled hearing on April 24.

In summary, although the Court acknowledges that some of HEP's legal arguments may be duplicative, and its filing may be late in the briefing cycle, its arguments related to

Article III standing may prove helpful to the Court in considering the pending motions. Accordingly, the Court will consider HEP's amicus brief.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Honest Elections Project's motion for leave to file an amicus brief in support of Defendant's opposition to Plaintiffs' preliminary injunction motion (Doc. No. 34) is **GRANTED**.  Honest Elections Project must file its amicus brief within 24 hours of the date of this order, which shall not exceed 5000 words in total and must comply with D. Minn. L.R. 7.1(f) and 7.1(h).  Plaintiffs shall have fourteen days from the date the amicus brief is filed to file a response.  Any response by Plaintiffs shall not exceed 5000 words.  No reply briefing is permitted.

**IT IS SO ORDERED.**


Dated: March 26, 2020                                    s/Susan Richard Nelson
                                                         Susan Richard Nelson
                                                         United States District Judge