UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Madeline Pavek, Ethan Sykes, DSCC, and DCCC, <br><br> Plaintiffs, <br><br> v. <br><br> Steven Simon, in his official capacity as the Minnesota Secretary of State, <br><br> Defendant. | Case No. 19-cv-3000 (SRN/DTS) <br><br> **ORDER GRANTING PERMISSIVE INTERVENTION** |

Alexi Machek Velez, Jyoti Jasrasaria, and Marc E. Elias, Perkins Coie LLP, 700 13th Street, N.W., Suite 600, Washington, D.C., 20005-3960; Kevin J. Hamilton, Perkins Coie LLP, 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099; Katherine M. Swenson and Sybil L. Dunlop, Greene Espel PLLP, 222 South 9th Street, Suite 2200, Minneapolis, MN 55402, for Plaintiffs.

Nathan J. Hartshorn, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101-2134, for Defendant.

Cameron Thomas Norris, Jeffrey M. Harris, and William S. Consovoy, Consovoy McCarthy PLLC, 1600 Wilson Boulevard, Suite 700, Arlington, VA 22209; Thomas H. Boyd, Winthrop & Weinstine, PA, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for Amicus Curiae Honest Elections Project.

Richard G. Morgan, Lewis Brisbois, 90 South 7th Street, Suite 2800, Minneapolis, MN 55402, for Movants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Donald J. Trump for President, Inc.'s, Republican National Committee's, National Republican Senatorial Committee's, National Republican Congressional Committee's, and Republican Party of Minnesota's (together, Proposed

1

Intervenor-Defendants) Motion to Intervene as Defendants (Doc. No. 65) under Fed. R. Civ. P. 24(a) and (b). For the foregoing reasons, the Court **GRANTS** permissive intervention to Proposed Intervenor-Defendants under Fed. R. Civ. P. 24(b).

## I. BACKGROUND

On June 15, 2020, this Court preliminarily enjoined Defendant Minnesota Secretary of State Steve Simon (Defendant or "Secretary") from enforcing Minn. Stat. § 204D.13, subd. 2, otherwise known as the "Ballot Order" statute, which requires major political party candidates in Minnesota general elections to be listed on the ballot in reverse order based on the average number of votes that their party received in the last state general election. *See Pavek v. Simon*, No. 19-cv-3000 (SRN/DTS) (Doc. No. 64), 2020 WL 3183249, at *1, *29–30 (D. Minn. June 15, 2020). The Court further ordered the Secretary to "adopt a procedure under which Minnesota's four current major political parties are assigned, by lot, a single statewide ballot order that governs the appearance of the parties' candidates in every partisan race in Minnesota' 2020 General Election." *Id.* at *30.[1] The Court presumes familiarity with the factual background and reasoning set forth in that order, and will not repeat it here.

On June 22, 2020, seven days after the Court issued its preliminary injunction, Proposed Intervenor-Defendants moved to intervene as defendants under Fed. R. Civ. P. 24(a) and (b). (*See* Mot. to Intervene [Doc. No. 65] at 1.) Proposed Intervenor-Defendants argue that they satisfy the criteria for intervention as a matter of right under Fed. R. Civ. P.

---

[1] The Court also denied the Secretary's Motion to Dismiss (Doc. No. 13) under Fed. R. Civ. P. 12(b)(6). *See Pavek*, 2020 WL 3183249, at *1, *29.

24(a)(2) or, in the alternative, that they should be granted permissive intervention under Rule 24(b), and seek to intervene for the purpose of pursuing an interlocutory appeal of the Court's preliminary injunction order. (*See* Proposed Intervenor Defs.' Mem. in Supp. of Mot. to Intervene ("PID Mem.") [Doc. No. 67] at 2–3.) Plaintiffs and the Defendant Secretary oppose the motion.[2] (*See* Pls.' Mem. in Opp'n to Mot. to Intervene ("Pls.' Opp'n Mem.") [Doc. No. 79]; Def.'s Mem. in Opp'n to Mot. to Intervene ("Def.'s Opp'n Mem.") [Doc. No. 77].)

On July 8, 2020, Plaintiffs and the Defendant Secretary filed a joint motion to stay this case until the conclusion of the 2021 regular session of the Minnesota Legislature, which will occur on May 17, 2021. (*See* Joint Mot. to Stay [Doc. No. 85] at 1.) The parties contend that a stay is appropriate—and that the Secretary will not seek interlocutory review of the Court's preliminary injunction order—because it will conserve judicial resources by giving the Minnesota Legislature an opportunity to resolve the Ballot Order statute's constitutional problems, which may in turn moot this case. (Joint Mem. in Supp. of Mot. to Stay [Doc. No. 87] at 1–3.) Moreover, the parties assert that a stay will impose no hardship on the parties because their resources will be preserved by not continuing to litigate a matter that may be rendered moot. (*Id.* at 3.) Finally, the parties argue that a stay will "provide certainty for voters and election administrators and ensure the orderly and efficient administration of the 2020 General Election." (*Id.*)

---

[2] On July 1, 2020, the Court granted Proposed Intervenor-Defendants permission to file a reply brief in support of their motion to intervene, which was filed on July 7, 2020. (*See* Order Granting Leave to File Reply/Surreply [Doc. No. 81]; Proposed Intervenor-Defendants Reply Mem. in Supp. of Mot. to Intervene ("PID Reply") [Doc. No. 84].)

3

On July 9, 2020, Proposed Intervenor-Defendants filed a protective appeal of the Court's preliminary injunction order with the Eighth Circuit (*see* Doc. No. 90 (Notice of Appeal) & Doc. No. 95 (Transmittal of Appeal Letter)), and filed an Emergency Motion to Stay the Court's preliminary injunction pending the results of that appeal. (*See* Emergency Mot. to Stay Pending Appeal ("Emerg. Stay Mot.") [Doc. No. 91].) They argue that they are likely to succeed on appeal because (1) the Plaintiffs lack standing to pursue their claims, and (2) there is a "serious question" about whether Plaintiffs' claims constitute nonjusticiable political questions. (Proposed Intervenor-Defendants' Mem. in Supp. of Emergency Mot. to Stay ("PID Stay Mem.") [Doc. No. 92] at 3.) They also contend that they will suffer irreparable harm without a stay because they will not have enough time to appeal the Court's order in time for the Minnesota 2020 General Election. (*Id.* at 4.) Finally, they contend that a stay will not substantially injure Plaintiffs, and that the public interest—notably, the interest in orderly elections under consistent election laws made by elected representatives—favors a stay. (*Id.* at 4–5.)

## II.   DISCUSSION

Proposed Intervenor-Defendants seek intervention as either a matter of right under Fed. R. Civ. P. 24(a), or under this Court's discretion pursuant to Fed. R. Civ. P. 24(b). (PID Mem. at 2–3.) While the Court considers this motion to be a very close call, for the reasons discussed below, the Court finds that permissive intervention under Fed. R. Civ. P. 24(b) is appropriate. As a result, the Court does not address Proposed Intervenor-Defendants' request for intervention under Fed. R. Civ. P. 24(a). *See, e.g.*, *Franconia*

*Minerals (US) LLC v. United States*, 319 F.R.D. 261, 267 (D. Minn. 2017) (granting permissive intervention and declining to reach intervention as a matter of right).

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 24(b)(1)(B), a court may grant permissive intervention to anyone who files a "timely motion" to intervene and "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion to grant permissive intervention, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Intervention under Rule 24(b)—unlike intervention as a matter of right under Fed. R. Civ. P. 24(a)—is "marked by broad flexibility" and is "wholly discretionary." *Franconia Minerals (US) LLC*, 319 F.R.D. at 266 (citing *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003)).

Several "well-established criteria" must be met before a motion for permissive intervention will be granted, including "(1) whether the motion to intervene is timely; (2) whether the movant's claim shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights." *Id.* at 266 (citing *North Dakota v. Heydinger*, No. 11-cv-3232 (SRN/SER), 2013 WL 593898, at *4 (D. Minn. Feb. 15, 2013)). Additionally, while " 'only a minor variable in the Rule 24(b) decision calculus,' the adequacy of protection afforded to the prospective intervenors by the existing defendant[] is a factor." *Id.* (quoting *S.D. ex rel. Barnett*, 317 F.3d at 787). Finally, while the Eighth Circuit has not explicitly required intervening parties under Rule 24(b)(1)(B) to establish Article III standing, "most

5

district courts in this circuit to have considered the matter have done so." *Id.* (citing *North Dakota v. Heydinger*, 288 F.R.D. 423, 427 (D. Minn. 2012) (Rau, Mag. J.) (collecting cases), *affirmed and adopted*, 2013 WL 593898 (D. Minn. 2013) (Nelson, J.)). The Court addresses each consideration below.

      **B.**      **Permissive Intervention Under Fed. R. Civ. P. 24(b) Is Warranted**

           **1.**      **Standing**

The Court begins with standing. To establish Article III standing, Proposed Intervenor-Defendants must show (1) injury, (2) causation, and (3) redressability. *See Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 974 (8th Cir. 2014). First, with respect to injury, Proposed Intervenor-Defendants contend that they have the same basis for standing as the DSCC and DCCC, which the Court discussed in its preliminary injunction order. (*See* PID Mem. at 7); *see also Pavek*, 2020 WL 3183249, at *10–14. However, the Court notes that whether the Proposed Intervenor-Defendants have suffered a cognizable injury-in-fact is not as clear cut as the DSCC's and DCCC's competitive-based injury discussed by the Court in its preliminary injunction order. *See Pavek*, 2020 WL 3183249, at *10–14. Unlike the DSCC and DCCC, the Proposed Intervenor-Defendants (1) have not provided any affidavits attesting to a diversion of resources; and (2) have *benefitted* from—as opposed to having been disadvantaged by—the Ballot Order statute's ordering requirements. *See id.* at *17 n.16 (noting that the Republican candidate for President, Donald J. Trump, could be listed first on the ballot if Minnesota's two legal-marijuana parties do not put forth a presidential candidate). In fact, under the lottery system put in place by the Court in its preliminary injunction order, *see id.* at *30, Proposed

6

Intervenor-Defendants may still be listed first on Minnesota's 2020 General Election ballot, a possibility that could undercut or eliminate any alleged injury-in-fact.

Still, Proposed Intervenor-Defendants are Republican Party committees and organizations dedicated to electing Republican candidates. The loss of the Ballot Order statute's ordering requirements—which the DSCC and DCCC noted typically benefitted Republican candidates, a fact this Court acknowledged—is, at this preliminary stage in the proceedings, a concrete harm to Proposed Intervenor-Defendants' candidates chances of prevailing in Minnesota's 2020 General Election. *See Pavek*, 2020 WL 3183249, at \*12–13 (explaining Article III "competitive standing" theory); *Id.* at \*4 n.8 (noting Republicans have only received more votes than Democrats in Minnesota four times since 1982); *Id.* at \*19 (discussing the fact that Republican Party often received benefits of Ballot Order statute). Moreover, while the Court understands Plaintiffs' argument that Proposed Intervenor-Defendants have no legally protectable interest in an unconstitutional electoral advantage, the Court cannot assume, *at this stage of the proceedings*, that Plaintiffs will ultimately prevail on the merits in resolving a motion to intervene. *See Pavek*, 2020 WL 3183249, at \*28 (concluding Ballot Order statute is *likely* unconstitutional); *see also Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999) (noting that "[a]n application for intervention cannot be resolved by reference to the ultimate merits of the claim the intervenor seeks to assert unless the allegations are frivolous on their face" (citation omitted)). Accordingly, at this preliminary stage in the proceedings, the Court finds that Proposed Intervenor-Defendants have established an injury-in-fact for the purposes of Article III standing.

The other two aspects of standing—causation and redressability—need little discussion. The Proposed Intervenor-Defendants' alleged injury is caused by the Secretary because it is fairly traceable to the Secretary's conduct. Even though the Secretary and Proposed Intervenor-Defendants seek the same outcome—an order upholding the Ballot Order statute, whether on the merits or through dismissal of Plaintiffs' claims—because "[the Secretary] would be compelled to cause the alleged injury to the intervenor if the plaintiffs prevail," causation is satisfied. *Franconia Minerals (US) LLC*, 319 F.R.D. at 267. Put another way, "a victory by Plaintiffs in this litigation would necessarily force the [Secretary]" to no longer enforce the Ballot Order statute, which is the harm Proposed Intervenor-Defendants allege. *Id.* Proposed Intervenor-Defendants' alleged injury is also redressable because if they prevail, the Secretary will not be barred from enforcing the Ballot Order statute, freeing Intervenor-Defendants of their alleged injury. *Id.* Accordingly, the Court finds that Proposed Intervenor-Defendants have standing at this preliminary stage in order to intervene.

### 2. Proposed Intervenor-Defendants' Motion is Arguably Timely

The parties dispute whether Proposed Intervenor-Defendants' Motion is timely. The timeliness of a motion to intervene is a "threshold" issue, to be determined from "all the circumstances" of the case. *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010) (citations omitted) (internal quotation marks omitted). The Eighth Circuit has instructed district courts to consider several factors, such as (1) how far the litigation has progressed at the time of the motion for intervention; (2) the prospective intervenor's prior knowledge of the pending action; (3) the reason for the delay in seeking

8

intervention; and (4) the likelihood of prejudice to the parties in the action. *See Smith v. SEECO, Inc.*, 922 F.3d 398, 405 (8th Cir. 2019) (citations omitted) (internal quotation marks omitted). Additionally, the Supreme Court and the Eighth Circuit have both acknowledged that a motion to intervene for the purpose of pursuing an appeal can be considered timely where the parties in the lawsuit have declined to appeal, and the party seeking to intervene "filed [their] motion within the time period in which the [parties already in the lawsuit] could have taken an appeal." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395–96 & 395 n.16 (1977); *In re Grand Jury Proceedings (Malone)*, 655 F.2d 882, 885 n.2 (8th Cir. 1981) (citing *McDonald* for the proposition that "intervention after final judgment for the purpose of pursuing an appeal is appropriate when the appeal has been abandoned by the parties to the suit and the intervenor's interest would no longer be protected").

The Court considers the question of timeliness to be a *very* close call in this case. As Plaintiffs and Defendant Secretary point out, the factors provided by the Eighth Circuit arguably counsel against finding the motion to be timely. First, Proposed Intervenor-Defendants waited to file their motion in this extremely time-sensitive matter until nearly seven months after the case began. (Pls.' Opp'n Mem. at 1; Def.'s Opp'n Mem. at 1–2.) Second, with respect to their knowledge of the litigation and any reason for delay, Proposed Intervenor-Defendants seemingly knew about this lawsuit—they offer no argument otherwise—and offer no explanation for what appears to have been a "wait and see" approach to the Court's decision on Plaintiffs' motion for a preliminary injunction. Finally, with respect to prejudice, while Proposed Intervenor-Defendants waited, the existing

9

parties conducted targeted discovery and extensively briefed both the Defendant Secretary's motion to dismiss and Plaintiffs' preliminary injunction motion, which included briefing from an amicus curiae. (Pls.' Opp'n Mem. at 2–3; Def.'s Opp'n Mem. at 1–2.) Proposed Intervenor-Defendants' decision to intervene only after the Court issued an order that may *possibly* result in a ballot order adverse to their interests, *see supra* § II(B)(1), is necessarily prejudicial to the parties who have already contributed substantial time and effort in addressing these claims.

It is also worth noting that instead of seeking intervention before or during the time the Court was considering the pending motions, Proposed Intervenor-Defendants' motion comes mere weeks before the state-law deadline for certifying the order of candidates on the ballot, and only after it became clear that the Secretary would not appeal the Court's preliminary injunction order. Even if Proposed Intervenor-Defendants' reason for delay was their mistaken belief that the Secretary planned to appeal the Court's preliminary injunction order, that reason is itself shaky. Proposed Intervenor-Defendants' motion for an emergency stay pending the outcome of their desired appeal rests on the theory that the Eighth Circuit will find the Plaintiffs lack standing, or that the Plaintiffs' claims are nonjusticiable. (PID Stay Mem. at 3.) Yet the Secretary took neither of those positions before this Court. (*See generally* Def.'s Mem. in Supp. of Mot. to Dismiss [Doc. No. 15].) Any suggestion that Proposed Intervenor-Defendants thought the Secretary would appeal on grounds he himself did not raise strains credulity. If Proposed Intervenor-Defendants believed that standing and justiciability questions resolve this case, a more appropriate time to intervene would have been when the Defendant Secretary filed his motion to dismiss,

and it became apparent the motion was not based on standing or justiciability grounds. This is particularly true given that the law has long held that amicus curiae—the only participant in this case who advanced similar arguments now asserted by Proposed Intervenor-Defendants—cannot appeal even an adverse judgment. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." (citation omitted)); *Minnesota by Campion v. CMI of Kentucky, Inc.*, No. 08-cv-603 (DWF/AJB), 2011 WL 13227960, at *5 (D. Minn. Feb. 11, 2011) (Boylan, C. Mag. J.) ("An amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." (citations omitted)).

Nevertheless, the fact remains that the Secretary has chosen not to appeal the Court's preliminary injunction order (*see* Joint Mem. in Supp. of Mot. to Stay at 1–3) which, as the Court discusses *supra* § II(B)(5), constitutes a divergence in interests between the Secretary and Proposed Intervenor-Defendants.  Moreover, Proposed Intervenor-Defendants' motion to intervene was filed within the time period in which the Secretary could have appealed.  Both the Supreme Court and the Eighth Circuit have acknowledged that in such unique circumstances, a motion to intervene can be considered timely.  *See McDonald*, 432 U.S. at 395–96 & 395 n.16; *In re Grand Jury Proceedings (Malone)*, 655 F.2d at 885 n.2.  Accordingly, while the Court acknowledges the merits of the Plaintiffs' and Secretary's position on timeliness—and indeed, the close call this question presents—it ultimately finds that Proposed Intervenor-Defendants' Motion is timely.

### 3. Proposed Intervenor-Defendants' Motion Shares Common Questions of Law or Fact

The next question is whether Proposed Intervenor-Defendants have raised a "question of law or fact common to the questions presented by the existing action." *Franconia Minerals (US) LLC*, 319 F.R.D. at 267–68 (citation omitted). This factor is not seriously disputed. Proposed Intervenor-Defendants "seek[] to uphold, under the [Ballot Order statute], the same actions that Plaintiffs seek to overturn." *Id.* at 268. Accordingly, Proposed Intervenor-Defendants " 'claims and the main action obviously share common questions of law and perhaps fact.' " *Id.* (quoting *Minn. Pub. Interest Research Grp. v. Selective Serv. Sys.*, 557 F. Supp. 923, 924 (D. Minn. 1983)).

### 4. No Undue Delay or Prejudice Will Occur If Permissive Intervention Is Granted

Next, the Court considers whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. The Eighth Circuit has indicated that this factor is the "principal consideration in ruling on a Rule 24(b) motion . . . ." *S.D. ex rel. Barnett*, 317 F.3d at 787 (citations omitted). Relevant here, " '[n]o judicial economy is gained by allowing the movants to intervene for the purpose of presenting defenses or arguments that can be or already have been presented by the Defendant[]. Permissive intervention [in that situation] . . . would only serve to delay and unfairly prejudice the rights of the original parties.' " *Heydinger*, 288 F.R.D. at 430 (quoting *Vonage Holdings, Corp. v. Neb. Pub. Serv. Comm'n*, 543 F. Supp. 2d 1062, 1070 (D. Neb. 2008), *aff'd*, 564 F.3d 900 (8th Cir. 2009)).

While the Court acknowledges that Proposed Intervenor-Defendants' intervention will result in additional briefing and argument—necessarily requiring additional work by the existing parties—the Court finds that permitting intervention will not *unduly* delay or prejudice adjudication of the original parties' rights.  Certainly, Proposed Intervenor-Defendants advance some similar arguments already made by the Secretary and amicus curiae Honest Elections Project.  (*See* PID Mem. at 13 (noting that movants will "raise defenses that share many common questions with the parties' claims and defenses")).  However, those arguments will be made by Proposed Intervenor-Defendants not before this Court, but rather on appeal, mitigating any duplicity concerns.  Moreover, although permitting intervention will "naturally increase the burden on the original litigants in terms of new filings and new seats 'at the table,' that alone is insufficient to warrant denial of the motion to intervene—the addition must be 'unduly' burdensome, not just burdensome." *Franconia Minerals (US) LLC*, 319 F.R.D. at 268; *see also United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995) (noting that mere fact that proposed intervenor opposes one party's position, or refuses to settle, is not a bar to intervention because said burden is always present where a party with adverse views intervenes).

> 5. **Proposed Intervenor-Defendants' Unique Interests Are No Longer Being Protected by the Secretary**

Finally, while " 'only a minor variable in the Rule 24(b) decision calculus,' the adequacy of protection afforded to the prospective intervenors by the existing defendant[] is a factor" the Court will consider. *Franconia Minerals (US) LLC*, 319 F.R.D. at 266 (quoting *S.D. ex rel. Barnett*, 317 F.3d at 787).  While the burden of showing inadequate

13

representation is usually minimal, the Eighth Circuit has noted that " 'when one of the parties is an arm or agency of the government, and the case concerns a matter of sovereign interest, the bar is raised, because in such cases the government is presumed to represent the interests of all its citizens.' " *North Dakota ex rel. Stenehjem*, 787 F.3d 918, 921 (8th Cir. 2015) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996)).  Such a presumption disappears, however, when "the government would be 'shirking its duty' to advance the 'narrower interest' of a prospective intervenor 'at the expense of its representation of the general public interest[.]' " *Id.* (quoting *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 1000 (8th Cir. 1993)).

The Court finds that while the Secretary's interests in defending this case and upholding the Ballot Order statute may have aligned in part with Proposed Intervenor-Defendants' interests at one point, the Secretary's decision not to appeal the Court's preliminary injunction order creates a divergence of interests between those parties.  "[T]he government only represents the citizen to the extent his interests coincide with the public interest.  If the citizen stands to gain or lose from the litigation in a way different from the public at large, the *parens patriae* would not be expected to represent him." *Chiglo v. City of Preston*, 104 F.3d 185, 187–88 (8th Cir. 1997).  Here, Proposed Intervenor-Defendants seek to protect their party and candidates' electoral prospects—specifically for Minnesota's 2020 General Election—by appealing this Court's order.  (*See* PID Mem. at 2.)  By contrast, the Secretary's interests understandably rest heavily on the State's concern about its "ability to have ballots and voting equipment ready for the beginning of absentee balloting in September" and the uncertainty continued litigation inflicts upon the State's

14

election timelines. (Def.'s Opp'n Mem. at 12.) Accordingly, Proposed Intervenor-Defendants' interests (to elect Republican candidates) diverge from the Secretary's interest (to seek a legislative remedy and to preserve the ability of the State to fulfill its election-related deadlines) such that the Proposed Intervenor-Defendants' interests are no longer adequately represented by the Secretary. Thus, intervention is warranted. *Chiglo*, 104 F.3d at 188 (citing *Triax Co. v. TRW, Inc.*, 742 F.2d 1224, 1228 (6th Cir. 1984)).

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Donald J. Trump for President, Inc.'s, Republican National Committee's, National Republican Senatorial Committee's, National Republican Congressional Committee's, and Republican Party of Minnesota's Motion to Intervene as Defendants (Doc. No. 65) is **GRANTED**. The hearing on Proposed Intervenor-Defendants' Motion, originally scheduled for August 3, 2020 (*See* Notice of Hearing [Doc. No. 72]), is cancelled.

**IT IS SO ORDERED.**

Dated: July 12, 2020                    s/Susan Richard Nelson
                                        Susan Richard Nelson
                                        United States District Judge