## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Madeline Pavek, Ethan Sykes, DSCC, and DCCC, | Case No. 19-cv-3000 (SRN/DTS) |
| Plaintiffs, | |
| v. | **ORDER STAYING CASE** |
| Steven Simon, in his official capacity as the Minnesota Secretary of State, | |
| Defendant. | |

Alexi Machek Velez, Jyoti Jasrasaria, and Marc E. Elias, Perkins Coie LLP, 700 13th Street, N.W., Suite 600, Washington, D.C., 20005-3960; Kevin J. Hamilton, Perkins Coie LLP, 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099; Katherine M. Swenson and Sybil L. Dunlop, Greene Espel PLLP, 222 South 9th Street, Suite 2200, Minneapolis, MN 55402, for Plaintiffs.

Nathan J. Hartshorn, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101-2134, for Defendant.

Cameron Thomas Norris, Jeffrey M. Harris, and William S. Consovoy, Consovoy McCarthy PLLC, 1600 Wilson Boulevard, Suite 700, Arlington, VA 22209; Thomas H. Boyd, Winthrop & Weinstine, PA, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for Amicus Curiae Honest Elections Project.

Richard G. Morgan, Lewis Brisbois, 90 South 7th Street, Suite 2800, Minneapolis, MN 55402, for Intervenor-Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiffs' and Defendant Secretary of State Steven Simon's Joint Motion to Stay further proceedings in this case pending the conclusion of the 2021 Minnesota Legislative Session (Doc. No. 85). For the foregoing

1

reasons, the Court **GRANTS** the motion and stays this case until May 17, 2021—the last scheduled day of the 2021 regular session of the Minnesota Legislature—or until legislation that moots or otherwise resolves this case is enacted, whichever occurs first.

## I.    BACKGROUND

On June 15, 2020, this Court preliminarily enjoined Defendant Minnesota Secretary of State Steve Simon (Defendant or "Secretary") from enforcing Minn. Stat. § 204D.13, subd. 2 (2018), otherwise known as the "Ballot Order" statute, which requires major political party candidates in Minnesota general elections to be listed on the ballot in reverse order based on the average number of votes that their party received in the last state general election.[1]  *See Pavek v. Simon*, No. 19-cv-3000 (SRN/DTS) (Doc. No. 64), 2020 WL 3183249, at *1, *29–30 (D. Minn. June 15, 2020).  The Court instead ordered the Secretary to conduct a lottery whereby Minnesota's four current major political parties are randomly assigned, by lot, a single statewide ballot order that governs the appearance of the parties' candidates in every partisan race in Minnesota's 2020 General Election.  *Id.* at *30.  The Court presumes familiarity with that order.[2]

---

[1]    The Court also denied the Secretary's Motion to Dismiss (Doc. No. 13) under Fed. R. Civ. P. 12(b)(6).  *See Pavek*, 2020 WL 3183249, at *1, *29.

[2]    Since the Court's preliminary injunction order, the Court has granted permissive intervention to Donald J. Trump for President, Inc., the National Republican Congressional Committee, the National Republican Senatorial Committee, the Republican National Committee, and the Republican Party of Minnesota (Intervenor-Defendants) (*see* Doc. No. 96), and denied Intervenor-Defendants' Emergency Motion to Stay the Court's preliminary injunction order pending appeal (*see* Doc. No. 100).

On July 8, 2020, Plaintiffs and the Defendant Secretary filed the present joint motion to stay this case until the conclusion of the 2021 regular session of the Minnesota Legislature, scheduled to occur on May 17, 2021.  (*See* Joint Mot. to Stay [Doc. No. 85] at 1.)  Plaintiffs and Defendant Secretary contend that a stay is appropriate—and that the Court's preliminary injunction order will govern ballot order for Minnesota's 2020 General Election—because it will conserve judicial resources by giving the Minnesota Legislature an opportunity to resolve the Ballot Order statute's constitutional infirmities.  (Joint Mem. in Supp. of Mot. to Stay [Doc. No. 87] at 1–3.)  The parties also note a stay will impose no hardship because their resources will be preserved by not litigating a matter that may be rendered moot.  (*Id.* at 3.)  Finally, they contend a stay will "provide certainty for voters and election administrators and ensure the orderly and efficient administration of the 2020 General Election."  (*Id.*)

Intervenor-Defendants respond that a stay until May 2021 would unjustifiably delay resolution of this case because the possibility that the Minnesota Legislature might amend the Ballot Order statute is too speculative.  (Intervenor-Defendants' Mem. in Opp'n to Stay ("ID Opp'n Mem.") [Doc. No. 97] at 1.)  They assert that no such bill has been introduced, that the Ballot Order statute has been on the books for decades, and that a more appropriate stay would suspend enforcement of the Court's preliminary injunction order pending appeal.  (*Id.* at 1–2.)

## II.   DISCUSSION

"It is well-established that 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants.' " *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1127 (D. Minn. 2017) (quoting *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citation omitted) (internal quotation marks omitted)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (same).  A district court has " 'broad discretion to stay proceedings when appropriate' " to control its docket.  *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 956 (D. Minn. 2018) (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006)).  In considering a stay, the Court considers relevant factors, including but not necessarily limited to (1) the conservation of judicial resources; (2) maintaining control of the court's docket; (3) providing for the just determination of cases; and (4) the potential for duplicative efforts and wasted resources of the parties and hardship to the party opposing the stay.  *Id.* at 956–57 (citing *Edens v. Volkswagen Grp. Of Am., Inc.*, No. 16-cv-0750 (WMW/LIB), 2016 WL 3004629, at *1–2 (D. Minn. May 24, 2016)).  The party requesting a stay bears the burden of establishing the need for a stay.  *Id.* at 957 (citing *Edens*, 2016 WL 3004629, at *1–2).

The Court finds that a stay of further proceedings until the end of the regular 2021 Minnesota Legislative session—or until legislation that moots or otherwise resolves this case is enacted, whichever occurs first—is warranted.  With respect to the conservation of judicial resources and docket control, a stay will conserve judicial time and energy by allowing the Minnesota Legislature to address the constitutional concerns raised by the Court in its preliminary injunction order, which may moot this litigation entirely.  Indeed, contrary to Intervenor-Defendants' assertion, two bills *have* been introduced in the Minnesota Legislature that would afford precisely the final relief sought by Plaintiffs: a

4

uniform rotation system under which all major political party candidates are listed first on Minnesota's general election ballot approximately the same number of times throughout the state. *See* H.F. 4071, 91st Leg., Reg. Sess. (Minn. 2020) (repealing the current text of Minn. Stat. § 204D.13, subd. 2, and replacing it with a name rotation system); S.F. 2985, 91st Leg., Reg. Sess. (Minn. 2020) (same). If those bills are enacted, Plaintiffs will obtain the precise relief this Court declined as preliminary relief. *See Pavek*, 2020 WL 3183249, at *29 (declining to require, as preliminary relief, rotation of major political party candidates because of the untested nature of the algorithm and insufficient time for the Secretary to recertify counties' tabulation machines and software under such an approach). Moreover, a stay will enhance the Court's control over the docket by pausing a proceeding that has already consumed significant judicial resources and, absent a stay, will likely consume more in the future.

A stay will also allow the Court to avoid what it considers to be a significant potential for duplicative efforts and wasted party resources, all while preserving the ability of the Court to resolve the case in the future. If a stay is not granted and the parties proceed, it is entirely possible that *all* parties to this case may expend significant time and resources litigating a matter that the Minnesota Legislature might resolve by passing either of the two bills mentioned above. In similar circumstances, other courts have acknowledged the value of a stay to give the legislature time to address the issue. *See, e.g.*, *Luckey v. U.S. Dep't of the Navy*, No. 18-cv-06071-HSG, 2019 WL 4059855, at *2 (N.D. Cal. Aug. 28, 2019) (granting stay pending either passage of a particular bill before Congress, or the end of the Congressional session, whichever occurred first); *Stinnie v. Holcomb*, 396 F. Supp. 3d 653,

661 (W.D. Va. 2019) (staying case based in part on possibility that Virginia Legislature would repeal offending provision, and noting that even if it failed to do so there would be ample time for the Court to address the merits of the case); *Stainbrook*, 239 F. Supp.3d at 1127 (staying proceedings pending legislative approval of parties' settlement agreement); Order Granting Motion to Stay, *Ferreira v. Wall*, No. 15-219-ML-LDA (Doc. No. 25) (D. R.I. June 2, 2016) (granting stay due to pending legislation that would resolve case).  If no such law is enacted, then the Court will resume proceedings in this matter in late May of 2021, which is more than a year before the 2022 Minnesota General Election.  Either way, the Court's ability to provide for the just determination of this case is preserved.

Finally, the Court finds that to the extent there is any hardship inflicted upon Intervenor-Defendants—the only parties who oppose the stay—such hardship is extremely minimal.   Intervenor-Defendants expressly sought intervention for the purpose of appealing the Court's preliminary injunction order.  (*See* Intervenor-Defendants' Mem. In Supp. of Mot. to Intervene [Doc. No. 67] at 2.)  They have filed that appeal.  (*See* Doc. Nos. 90, 95.)  A stay of further proceedings before this Court does not affect their appellate rights.  Moreover, even if the Minnesota Legislature does not take action that resolves this case, resuming these proceedings in late May of 2021 leaves more than year before Minnesota's next general election, which is ample time for the Court to address the merits.

## III.    CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' and Defendant Secretary's Joint Motion to Stay further proceedings in this case pending the conclusion of the 2021 Minnesota Legislative

Session (Doc. No. 85) is **GRANTED**.  The Court hereby stays this case until May 17, 2021—the last day of the 2021 regular session of the Minnesota Legislature—or until legislation that moots or otherwise resolves this case is enacted, whichever occurs first.

**IT IS SO ORDERED.**


Dated: July 16, 2020                          s/Susan Richard Nelson
                                              Susan Richard Nelson
                                              United States District Judge